# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CHRISTOPHER TEREC,

      Plaintiff,

v.                                 CASE NO.:  8:16-cv-02615-JSM-MAP

REGIONAL ACCEPTANCE
CORPORATION,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY [Doc 11]

The Plaintiff, CHRISTOPHER TEREC, by and through his undersigned counsel, hereby submits this Memorandum of Law in Response to REGIONAL ACCEPTANCE CORPORATION's ("RAC") Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals [Doc. 11] and states the following in opposition to the relief sought therein:

### I.   Legal Standards Applicable to Motions to Stay.

While RAC quotes through internal citation one of the landmark Supreme Court case concerning the staying of actions, *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), it appears to have missed one of this case's most important caveats, namely the Supreme Court's admonition that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. at 255.  It is also well established that "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).  Importantly, it's worth noting for the Court that the filing of motions to stay similar to the instant motion has been very much *en vogue* with TCPA defense counsel for the past few years, with such motions having been filed in

just about every TCPA case the undersigned has handled within that timeframe. Indeed, rather ironically, prior to the requests for stays pertaining to the D.C. Circuit petitions, defendants routinely sought stays based upon the prognostication that the then-awaited 2015 FCC Order that the D.C. Circuit petitions[1] now challenge would end those defendants' liability under the TCPA, predictions that quite obviously did not come to pass. In light of these litigation tactics, it becomes quite apparent that SAC has not met its hefty burden to establish that its commonly-filed, "cookie cutter" motion in any way even approaches the "rare circumstances" required for a stay as discussed in *Landis*.

## II.   The DC Circuit Petitions are Overwhelmingly Unlikely to Result in an Overturning of the FCC Regulations.

Given the fact the Congress explicitly conferred upon the FCC the power to make TCPA regulations, the DC Circuit petitions would best be described as being filed "on a wing and a prayer" because the standard of review in favor of upholding the FCC regulations under such circumstances is nearly insurmountable. *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984) (noting "that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer" and that when "there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation[, s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute."); 47 U.S.C. § 227(b)(2) ("The [FCC] shall prescribe regulations to implement the requirements of this subsection."). Now that the FCC regulations have been promulgated with a proper majority vote of the Commissioners, it is almost certain they will be upheld.

---

[1]The consolidated petitions that make up the D.C. Circuit Appeal are frequently referred to in various cases discussing stays as *ACA International*, the name of one of the petitioners.

This very District echoed a similar conclusion in an order denying a nearly identical motion to stay in July of 2016.  In that order, the court thoughtfully underscored that "the D.C. Circuit will not invalidate the Final Order unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Sliwa v. Bright House Networks, LLC*, 216CV235FTM29MRM, 2016 WL 3901378, at *3 n.8 (M.D. Fla. July 19, 2016) (citing *Vernal Enters., Inc. v. Fed Commc'ns Comm'n,* 355 F. 3d 650, 658 (D.C. Cir. 2004) (quoting 5 U.S.C. § 706(2)(A)).  "Under this exacting standard, the Circuit Court's review 'is highly deferential; [it] must presume the validity of the agency's action,' and a decision invalidating the FCC's Final Order is appropriate 'only if the agency's decision is not supported by substantial evidence, or the agency made a clear error in judgment.'" *Id*.  The *Sliwa* court ultimately concluded that "[i]n other words, it is more likely than not that the D.C. Circuit will uphold the Final Order." *Id.* Just last week, the decision in *Sliwa* was applied and upheld in a separate action in this District, *Skzynear v. Kia Motors Finance*, No. 8:16-cv-03174-SCB-JSS (M.D. Fla. filed Jan. 23, 2017).

Moreover, even assuming this Court is bound to follow the result reached by the D.C. Circuit, until that court issues its opinion, the FCC's Final Order "has the force of law" in this Court. *Mais v. Gulf Coast Collection Bureau, Inc.,* 768 F.3d 1110, 1121 (11th Cir. 2014) (internal citation omitted).  In *Sliwa*, one of the more recent instances in which this very District denied a nearly identical motion to stay, the Honorable Judge John E. Steele stressed that: (1) this Court is required to treat the FCC's Final Order with deference, and "may not entertain arguments challenging its correctness," and (2) the D.C. Circuit's decision—whenever reached—will not require immediate dismissal of Plaintiff's TCPA claim. *Sliwa* at *3.  As the *Sliwa* order further opined, "this court, like all district courts, 'lack[s] jurisdiction under the "Hobbs Act" to consider [the] argument that the [FCC] incorrectly interpreted [statutory language].' Thus, where a lawsuit

implicates those interpretations, the 'district court must afford [the] final order[ ] deference and may only consider whether the alleged action violates FCC rules or regulations.'" *Sliwa*, 2016 WL 3901378 at *4 (quoting *Murphy v. F.D.I.C.*, 208 F.3d 959 (11th Cir. 2000)).  We would urge this Court to follow the sound reasoning articulated by the *Sliwa* order, which stated that:

> Staying this case because the Circuit Court *may* conclude that [the] FCC incorrectly interpreted the TCPA is the *opposite* of affording the Final Order deference. Granting a stay premised on the contention that the FCC got it wrong could, in fact, amount to a constructive "refus[al] to enforce an FCC interpretation"—an action this Court is expressly prohibited from taking—and a "violat[ion of] the Hobbs Act's prohibition on district court review of FCC orders."

*Id.*[2]

### III.   RAC Has Failed to Establish That the D.C. Circuit Petition Challenging the 2015 FCC Order, Even if it is Successful, is Likely to Have Any Meaningful Impact on this Case.

While RAC contends that a ruling by the D.C. Circuit "has the potential to drastically affect the nature of this action," this proposition, when carefully examined, fails to hold any water. Importantly, one benefit that RAC contends that a decision by the D.C. Circuit would provide is clarification as to what constitutes an automatic telephone dialing system, also known as an "ATDS."  [Doc. 11, p. 6].   However, RAC's arguments fail to account for the fact that, because the TCPA "is written in the disjunctive," plaintiffs can state a claim under the TCPA by alleging the use of (1) an "artificial or prerecorded voice;" *or* (2) an "ATDS." *Vaccaro v. CVS Pharmacy, Inc.,* 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 (S.D. Cal. 2013) (emphasis in original).  In this case, the Plaintiff has pleaded that the autodialed calls made to his cellular telephone were **also** made with a prerecorded voice. [Doc. 1, ¶¶ 21, 27, 46, 49].  Because the use of a prerecorded voice is independently sufficient to establish a violation of the TCPA, the issue as to whether RAC used an autodialer is likely to be of greatly diminished, if any, importance.

---

[2] Notably, this language from *Sliwa* was expressly adopted in Judge Bucklew's Order in *Skyznear*, discussed *supra.*

Lastly, Defendant's assertion that a decision from the D.C. Circuit will somehow modify the issue of revocation of consent in this matter is woefully misguided.   What the Defendant leaves out is that two circuit courts, including the Eleventh Circuit Court of Appeals that governs this District Court, have independently ruled that a consumer may revoke consent under the TCPA, with the Eleventh Circuit explicitly ruling that oral revocation such as is alleged in this case is effective.  *See Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1255 (11th Cir. 2014) (holding that oral revocation is effective); *Gager v. Dell Fin. Services, LLC*, 727 F.3d 265, 270 (3d Cir. 2013) (allowing revocation of consent under the TCPA).   As a threshold matter, this means that the Plaintiff does not rely upon the FCC rules to establish his right of revocation, making the DC Circuit Appeal meaningless to this case. *See Rodriguez v. DFS Services, LLC*, 8:15-CV-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 1, 2016) (noting that the "right to revoke consent orally was, importantly, the law in the Eleventh Circuit" prior to the 2015 FCC TCPA Order and that, "[i]f the FCC Order does not survive, Rodriguez's oral revocation will have had the same legal effect, only under Eleventh Circuit precedent.").  Moreover, it demonstrates how phenomenally unlikely the DC Circuit is to overturn the right of consumers to revoke consent, as to do so would have to effectively find that rulings of two of its sister Circuit Courts were not only wrong, but "arbitrary and capricious."

## IV.   The Defendant Has Failed to Show That Its Requested Stay Would Not Be Immoderate

The Defendant has also failed to explain why a stay founded on the D.C. Circuit Petitions would not be protracted in its duration and hence immoderate.  *See Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (disapproving of a stay as "immoderate" where the case it was contingent upon was "not progressing quickly").   Here, the Defendant states without providing support that the D.C. Circuit "is expected to issue a decision

5

by early February 2017 ," however, this is mere speculation as the circuit court is under no duty to

issue its opinion by a certain deadline.  In *O'Hanlon v. 24 Hour Fitness USA, Inc.*, the Northern

District of California noted that the:

> appeals of the FCC Omnibus Ruling present a broad-based challenge to the FCC's 138-page Declaratory Ruling and Order, and sweeps in issues not pertinent to this case. Awaiting a ruling by the D.C. Circuit would likely involve a substantial delay of this matter. A stay pending that litigation would suspend for an **indefinite period of time** Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court.

No. 15-cv-01821-BLF, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016) (emphasis added).

Notably, there is also a Southern District of Florida case wherein a stay was denied on the grounds

of the D.C. Circuit petitions partly out of concern that the stay would be "indefinite."  *Mancini v.*

*JPMorgan Chase Bank, N.A.*, No. 1:15-CV-61524-UU, 2016 WL 1273185, at *1 (S.D. Fla. Mar.

28, 2016) (noting that "[a]ny stay would be indefinite and solely in the interests of judicial

economy, which the Supreme Court has found to be insufficient justification for a stay pending a

similar proceeding"); *Lathrop v. Uber Techs., Inc.,* No. 14-CV-05678-JST, 2016 WL 97511, at *4

(N.D. Cal. Jan. 8, 2016) (denying a stay while expressing concern that the D.C. Circuit proceedings

could "extend for an indeterminate length of time").   The parties have already held the Rule 26

conference in this matter with the Court setting a trial date of April 2018.  In addition, Plaintiff

served his first set of discovery requests to Defendant on January 4, 2017, along with a Notice of

Taking Video Deposition of Corporate Representative(s) from Defendant, Pursuant to Federal

Rule of Civil Procedure 30(b)(6), tentatively scheduled to take place in February of 2017.  While

Plaintiff still awaits alternative available dates, if necessary, and a location for the 30(b)(6)

deposition from counsel for the Defendant, discovery responses are due to Plaintiff this week.

Given the Court's designation of this matter as a Track Two case to encourage an efficient

discovery process and, ultimately, a prompt resolution, Plaintiff strongly urges this Court to deny

6

the motion to stay as it is unwarranted and would only serve to indefinitely delay litigation in this matter.

While the Defendant clings to oral arguments in *ACA Int'l* being held in October 2016 as supportive to their Motion [Doc. 11], it fails to recognize that there is still no indication of when an actual opinion will be issued by the D.C. Circuit, as discussed above. Moreover, as this district court highlighted in its *Sliwa* order, even "after it is issued, that decision will likely be appealed to the Supreme Court. If the Supreme Court agrees to hear the case, it will be at least another several months before it issues an opinion, which opinion could disagree with the Circuit Court's holding and either vacate or reinstate the FCC's conclusions. In short, the indefinite length and uncertain outcome of the appeal substantially weigh against requiring Plaintiff 'to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both.'" *Sliwa*, 2016 WL 3901378 at \*8–9 (*quoting Landis*, 299 U.S. at 255).

**V.   The Prevailing View in this District is to Deny Stay under the Circumstances.**

Although RAC cites to cases within this District for the relevant factors in determining whether a stay is warranted, RAC's motion fails to acknowledge the overwhelming view in this District. However, among the cases in this District in which such stays have been denied on the basis of the pendency of the D.C. Circuit petitions, the following have denied stay under the circumstances: *Sliwa*, 2016 WL 3901378, at \*3 n.8 (where Judge Steele noted that "[m]otions to stay pending the [D.C. Circuit] appeal have been filed in numerous district courts. Although some courts have granted a stay, it seems most have found a stay unwarranted, including several courts in this District and Circuit."); *Adamo v. Synchrony Bank*, No. 616CV530ORL37GJK, 2016 WL 3621129, at \*1 (M.D. Fla. July 6, 2016) (denying the requested stay); *Rodriguez v. DFS Services, LLC*, No. 8:15-CV-2601-T-30TBM, 2016 WL 369052, at \*3 (M.D. Fla. Feb. 1, 2016) (granting a

much shorter stay on other grounds but concluding that "the appeal before the D.C. Circuit, however, does not warrant a stay."); *Coniglio v. Iqual Corp.*, No. 8:15-CV-2406-T-33AEP, 2015 WL 8521288, at *1 (M.D. Fla. Dec 3, 2015) (denying the requested stay). The undersigned is also aware of cases in which orders denying such stays were entered but not published by electronic research services. *See Skzynear v. Kia Motors Finance*, No. 8:16-cv-03174-SCB-JSS (M.D. Fla. Jan. 23, 2017) (stay denied by Judge Bucklew's order at Doc. 20); *Vitorino v. Wal-Mart Stores, Inc., et al,* No. 8:16-cv-01504-EAK-TBM, (M.D. Fla. Sept. 16, 2016) (stay denied by endorsed order by Judge Kovachevich at Doc. 24); *James v. JP Morgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla. Apr 7, 2016) (denial of stay by Judge Merryday at Doc. 44); *Farrell v. Nationstar Mortgage LLC*, No. 6:15-cv-01613-GAP-TBS (M.D. Fla Dec 3, 2015) (stay denied by endorsed order by Judge Presnell at Doc. 22).

There is also ample out-of-district authority from both near and far supporting the Plaintiff's opposition of this stay motion. Starting with near first, Judge Ungaro of the Southern District of Florida ruled on and denied a similar motion to stay. *See Mancini v. JPMorgan Chase Bank, N.A.*, No. 1:15-CV-61524-UU, 2016 WL 1273185, at *1 (S.D. Fla. Mar. 28, 2016). Another such order was entered on April 14, 2016 by Magistrate Judge England of the Northern District of Alabama in a class action case. *Swaney v. Regions Bank*, 2:13-cv-00544-JHE, Doc. 133 (N.D. Ala. 2016). Likewise, Chief Magistrate Judge Ott, also of the Northern District of Alabama, has in just the past few days denied a stay pursuant to the D.C. Circuit petitions. *Schwyhart v. AmSher Collection Services, Inc.,* No. 2:15-CV-01175-JEO, 2016 WL 1620096, at *1 (N.D. Ala. Apr. 22, 2016). There is also a District of New Jersey case that has denied such a stay. *Nussbaum v. Diversified Consultants, Inc.*, No. CIV. 15-600, 2015 WL 5707147, at *3 (D.N.J. Sep. 28, 2015). Finally, there are at least two Northern District of California district court orders denying such

stays.  *See O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-CV-01821-BLF, 2016 WL 815357, at

*5 (N.D. Cal. Mar. 2, 2016); *Lathrop v. Uber Techs., Inc.,* No. 14-CV-05678-JST, 2016 WL

97511, at *4 (N.D. Cal. Jan. 8, 2016).  In considering this list, it should be noted that this is not

even an attempt at an exhaustive list[3] of nationwide authority supporting the Plaintiff.

## VI.  Conclusion

For the foregoing reasons, the Defendant's Motion to Stay Proceedings Pending Ruling by

the D.C. Circuit Court of Appeals [Doc. 11] should be denied.

Respectfully submitted,

s/ Amanda J. Allen, Esq.

**Amanda J. Allen, Esq.**
Florida Bar No.:  0098228
William Peerce Howard, Esq.
Florida Bar No.:  0103330
THE CONSUMER PROTECTION FIRM, PLLC.
210-A South MacDill Avenue
Tampa, FL 323609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of
the Court by using the CM/ECF system to all parties of record.

*/s/ Amanda J. Allen*
Attorney

---

[3] It should also be noted that endorsed or very brief orders denying such stays are unlikely to be published by electronic legal research providers, making it easier to find comprehensive authority supporting stays rather than opposing them.