**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER TEREC,

      Plaintiff,

v.                                 Case No: 8:16-cv-2615-T-30MAP

REGIONAL ACCEPTANCE
CORPORATION,

      Defendant.

_____

**ORDER**

THIS CAUSE comes before the Court on Defendant's Motion to Stay Proceedings

(Doc. 11) and Plaintiff's Response in Opposition (Doc. 12). Defendant seeks a stay of these

proceedings while a federal case potentially impacting this one awaits resolution. Upon

review, the Court denies Defendant's motion.

**BACKGROUND**

On September 9, 2016, Plaintiff Christopher Terec filed this action alleging

violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer

Collection Practices Act ("FCCPA"). In his Complaint (Doc. 1), Plaintiff alleges that

Defendant Regional Acceptance Corporation repeatedly called him in an attempt to collect

a debt. Plaintiff further alleges that Defendant made each of these calls via an automatic

telephone dialing system ("ATDS"), using a pre-recorded voice. Finally, Plaintiff alleges

that he verbally revoked his consent for Defendant to contact him, but Defendant called him at least another two hundred times.

Defendant now asks the Court to stay these proceedings until *ACA International v. Federal Communications Commission*, Case No. 15-1211 before the D.C. Circuit, is adjudicated. In *ACA International*, the D.C. Circuit will review challenges to the Federal Communications Commission's July 2015 Declaratory Ruling and Order, which interpreted several provisions of the TCPA. In that Order, the Federal Communications Commission ("FCC") expanded the definition of an ATDS and the means by which a consumer can revoke his or her consent to be called. Defendant argues that a stay is warranted because the D.C. Circuit could invalidate the FCC's Order, and this would impact Plaintiff's claims.

## DISCUSSION

A district court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests." *Landis*, 299 U.S. at 254-55 (internal citations omitted). Courts should not grant stays that are immoderate. *Id.* at 256-57. However, in appropriate circumstances, temporary stays can promote judicial economy, reduce confusion and prejudice, and prevent inconsistent outcomes in related cases. *Rodriguez v. DFS Servs., LLC*, No. 8:15-CV-2601-T-30TBM, 2016 WL 369052, at *2 (M.D. Fla. Feb. 1, 2016) (citing *Amer. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984)).

Defendant argues that the Court should issue a stay because the ruling in *ACA International* could affect two key issues in this case—whether Defendant used an ATDS and whether Plaintiff's oral revocation of consent was effective. Defendant has not demonstrated that a stay is warranted, primarily because the D.C. Circuit's ruling in *ACA International* will not be dispositive in this case.

Pursuant to the TCPA, Plaintiff can state a claim by alleging that Defendant called him using either an ATDS or a pre-recorded voice. In the Complaint, Plaintiff alleged that Defendant used both an ATDS and a pre-recorded voice each time it called him. So, even if D.C. Circuit's ruling impacts the definition of an ATDS, Plaintiff's claims will remain intact.

Likewise, the D.C. Circuit's ruling will have no impact on whether Plaintiff's verbal revocation of consent was effective. If the FCC's July 2015 Order survives the D.C. Circuit's review, Plaintiff's oral revocation of consent had legal effect under the Order. 30 FCC Rcd. 7996. If the Order does not survive, Plaintiff's oral revocation was still legally effective, only under Eleventh Circuit precedent. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014) (concluding that a consumer can orally revoke consent under the TCPA).

A stay under these circumstances will not promote judicial economy, but it will harm Plaintiff. Staying these proceedings will require Plaintiff to stand aside for an indefinite period of time, waiting first for the D.C. Circuit to make its ruling and then (possibly) for the Supreme Court to review that ruling. There is no compelling reason to require this of Plaintiff. The stay requested by Defendant is immoderate.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Stay Proceedings (Doc. 11) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on February 17th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record